MACKALL (THOMAS v.). See Case No. 13,903.

MACKALL (UNION BANK OF GEORGETOWN v.). See Case No. 14,359.

## Case No. 8,836.

Ex parte MACKAY.

[3 App. Com'r. Pat. 416.]

Circuit Court, District of Columbia. Dec. 28, 1860.

PATENTS—DEVICE FOR MENDING HOSE—ANTICIPATION.

[A device for mending rents in firemen's hose by clamping the torn edges together between

[1] [Reported by Hon. William Cranch, Chief Judge.]

metal plates is not anticipated by a similar device for making preserving cans air-tight.]

[Appeal from the commissioner of patents.]

[Application by John S. Mackay for letters patent for an improvement in mending firemen's hose. The application was denied. Applicant appeals.]

MORSELL, Circuit Judge. The applicant's claim relates to the stopping of holes or rents in firemen's hose, and consists in applying to the hose while in use an instrument or hand machine by which the edges of the leather or material of which the hose is made, that constitute the boundary of the hole or rent are clamped and tightly held between the two parts or plates of the instrument, thereby making the hose as water-tight at the point of breakage as at any other point. The commissioner having by his decision refused to grant a patent, Mackay filed his reason of appeal, which is that the references cited against the claim do not show that holes or rents in hose have ever been stopped as described and claimed by him; and that the refusal of said application is an error. The substance of the report of the commissioner in reply, after stating the claim, is as follows: "Now as stopping a hole is not the proper subject matter of letters patent. the claim here presented, can only properly be regarded as limited to the device employed for that purpose. The references clearly show that the same device precisely is familiar in many other uses, and therefore I cannot but think that the appellant has only made a double use of a well-known invention; and this double use is not patentable." The commissioner refers to my decision in the case of Ex parte Berry [Case No. 1,353] as being apposite to this case.

Such were the proceedings presented by the original papers and documents, with the decision reasons of appeal and report laid before me by the commissioner according to previous notice given of the time and place of hearing said appeal, when said appellant appeared by his attorney, filed his answer in writing and submitted his case.

The ground of the rejection is a double use of a well-known invention, and references are given to air-tight preserver-cans having a device consisting of a single-plate clamp, or a plate of the proper form and dimensions to cover the surface to be clamped, an india rubber packing-ring, and a resisting bar having a rod with a screw thread and clamping nut. When used the plate covers the packing, and is exterior while the resisting bar is interior, and serves simply to hold the clamp-plate in place. The description given of the instrument in the pending case is that it is made up of two thick plates of metal of elliptical form, both plates being thick at the centre and inclining to the edges which are thin and roughened and slightly elevated, the better to hold between them the edges of the hole or rent. These plates are of curved form also so that when applied to the hose the inner surface of that plate, which will be in the hose is convex, and the inner surface of the other plate which will be on the outside of the hose is concave, and the leather or other material of the hose is clamped and held in the line of its circumference. To the under or inner of these two plates is affixed the end of a bar or standard, which passes through a hole in the upper or outer plate; and by means of a screw thread on the outer part of this standard, and a screw nut fitting thereon the two plates are forced together. It will be perceived therefore that there are differences between the references and the instrument of the applicant in form, in dimensions in construction; a change not merely in form, but in substance, so that the one could not be used in the place of the other. The purpose and object,—the one is to resist a most powerful force from within in effectually preventing the escape of water and the form of the instrument is adapted to that end and must also be not only tight but very strong,—the other has no such object or purpose to answer. But if the combination as machinery were admitted to be old, the effect produced, is unquestionably a very great and valuable benefit to the public very far beyond that of the references and this combination has never before been applied or used in the way and for the purpose here described. The invention is therefore new.

For the foregoing reasons, I think there is error in the decision of the commissioner, and the same is reversed; and it is ordered that letters patent accordingly issue to said John S. Mackay as prayed.